STATE OF WEST VIRGINIA

FILED

July 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Kayla F.,**
**Respondent Below, Petitioner**

**vs) No. 12-1465** (Clay County 11-A-8)

**Leonard F. and Rhonda F.,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

In this adoption proceeding, petitioner Kayla F.,[1] by counsel J. Michael Anderson, appeals the Circuit Court of Clay County's order entered on October 25, 2012, granting respondents' petition for adoption. The respondents, Leonard and Rhonda F., by counsel Harry E. Stollings, have filed a response to the present appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A child, C.F., was born on April 4, 2008, to Tony F. and the petitioner, Kayla F. C.F. was born with a congenital medical condition and requires constant supervision. The respondents are Leonard and Rhonda F., Tony's parents and the child's paternal grandparents. Since April 16, 2010, C.F. has lived with the respondents in Clay County. The child was placed in the respondents' home pursuant to an Order of Removal entered by the Family Court of the Ninth Judicial Circuit, Berkeley County, South Carolina ,dated April 5, 2010. The South Carolina court found evidence of physical and medical neglect by the petitioner. The family court granted the respondents physical and legal custody of the child, but allowed for supervised visitation between the petitioner and her child.

The petitioner visited C.F. in the respondents' home three times: June of 2010; September of 2010; and May 26, 2011. In the eight months between September of 2010, and May 26, 2011, there was no contact between the petitioner and the child. On May 26, 2011, the petitioner visited the child for a period of one hour, and had no more contact with the child until six months later, on November 30, 2011. The petitioner has visited the child twice more since November of 2011, but never for longer than an hour. The respondents assert that the petitioner's mother lives only a few miles away from where the respondents and child reside.

---

[1] Pursuant to Rule 40 of the *West Virginia Rules of Appellate Procedure*, the identities of juveniles are protected in Court documents. Initials or descriptive terms are used for all of the parties in this case instead of full names to promote confidentiality.

1

Although the petitioner has traveled to visit her mother often, this has not coincided with stops to visit her child.

Furthermore, there is no evidence the petitioner was ever denied the right to visit C.F. The petitioner has never sent the child a birthday or Christmas present, and only began providing financial support when the Bureau of Child Support Enforcement began withholding child support. The child's medical condition has been life-threatening, and the child has been hospitalized about ten times in Pittsburgh. The petitioner has never visited the child in the hospital, although she lives less than an hour from Pittsburgh.

On July 16, 2011, the respondents filed a petition for adoption. On or about this time, the father, Tony F., executed a consent to the adoption. The respondents filed an amended petition for adoption on December 12, 2011. Kayla F. filed her objections to the adoption proceedings on September 28, 2011, and March 30, 2012.

On October 25, 2012, the Circuit Court of Clay County determined that the petitioner had abandoned C.F. The court found that the petitioner had no contact with the child for an eight month period prior to the filling of the petition, provided no voluntary financial support, and only visited with the child briefly upon the advice of counsel. The trial court subsequently granted the respondents' petition for adoption, and denied the petitioner's motion for post-adoption visitation with C.F.

The petitioner argues that the circuit court erred in finding that petitioner had abandoned her child. In reviewing the decision of a judge in an adoption proceeding, we noted in Syllabus Point 1 of *In re the Adoption of Jon L.*, 218 W.Va. 489, 625 S.E.2d 251 (2005), that the following standard of review is appropriate:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997)."

To determine if abandonment has taken place, we turn to the statutory definition of "abandonment." West Virginia Code § 48-22-102 [2001] states that abandonment occurs when there is "any conduct by the birth mother . . . that demonstrates a settled purpose to forego all duties and relinquish all parental claims to the child."

Furthermore, case law tells us:

> [A] parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment or other dereliction of duty, or has waived such right, or by agreement or otherwise has permanently transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts.

*State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 411 168 S.E.2d 798, 802 (1969).

In the present appeal, the evidence before the trial court established that the petitioner was unfit due to her dereliction of her parental duties. Her complete disinterest in the child's health and well-being demonstrated a settled purpose by the petitioner to forego all duties to her child and to surrender her responsibilities as a parent. The petitioner failed to visit her child with enough regularity to establish a meaningful relationship. Inconsistent contact, punctuated by long periods of no contact, would only act to disappoint and harm the child as he grows older. While the petitioner argues that she provides financial support to her son, this was never done voluntarily. A South Carolina Court found evidence of physical and medical neglect on the part of the petitioner. Even more telling, the child has been hospitalized less than hour away from the petitioner's home multiple times, with some stays requiring the child to be put on life support, yet the petitioner never visited C.F. in the hospital. The petitioner was called and told C.F. was on life support and was asked to visit, yet the petitioner still took no action. Testimony shows that at least one of the two respondents stayed near the child's bed for the entirety of his hospital stays. The petitioner has demonstrated a systematic pattern of failure regarding her ability to provide adequate care and support to C.F. when the child was in a time of need.

Although the behavior of the petitioner shows a settled purpose to forego her parental duties, concerns about the well-being of the child are of outmost importance. The goal in a dispute such as this one is to protect the substantial rights held by a parent, while simultaneously recognizing that "the primary goal . . . must be the health and welfare of the children*.*" Syllabus Point 3. *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996). The child in this case requires constant care and supervision, and testimony shows that the respondents are providing stability and care. The petitioner has shown a South Carolina Court, and now this Court, that she cannot provide adequate care to meet her son's needs. The petitioner's behavior makes it clear; she has legally abandoned her son. Accordingly, it is in the best interest of the child to permanently be in the care of the respondents.

The behavior of the petitioner plainly showed a settled purpose to forego her duties as a parent. This Court finds no error regarding the circuit court's decision to grant the respondents' adoption request, and to deny the petitioner's motion for post-adoption visitations.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: July 30, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II